UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PATRICK LUCERO,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS ARCE, et al.,<br><br>Defendants. | Case No. 24-cv-07510-JSC<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("CDCR"), the CDCR Secretary Jeff Macomber, and the following officials at Salinas Valley State Prison ("SVSP"): Acting Wardens Carlos Arce and Charles Schuyler, Associate Deputy Wardens Ortega and Fonseca, Sergeant Avalos, Dr. Mendez, Dr. Russell, Ying Sun, and Josh Jugum.  (ECF No. 1 at 2-3 ¶¶ 7-10.)  He also adds unnamed defendants "Does 1-50," who are "correctional officers or other correctional staff."  (*Id.* at 2.)  Leave to proceed in forma pauperis is granted in a separate order.  For the reasons discussed below, two claims against Dr. Mendez are, when liberally construed, capable of judicial determination.  The remaining claims are DISMISSED with leave to amend, except for the claims against the CDCR, which are DISMISSED without leave to amend.

## BACKGROUND

Plaintiff alleges on July 24, 2024, he "was trying to ask for help in regards to his safety concerns" when unnamed "Doe" defendants searched him, "grabbed his genitals," and punched and choked him.  (*Id.* at 5 ¶¶ 20-21.)  Plaintiff is disabled, uses a walker, is in the prison's "enhanced outpatient program," and at the time of the alleged assault, was in waist restraints.  (*Id.*

at 5 ¶ 21.) After the incident, Plaintiff suffered a "mild heart attack" and was taken to a hospital. (*Id.*)

Plaintiff informed Defendant Dr. Mendez, a psychologist, that he was suicidal. (*Id.* at 5-6 ¶ 22.) As he had previously attempted suicide, prison regulations required his placement in a "crisis bed." (*Id.*) However, Dr. Mendez has "a well known history of not complying with these regulations," and he refused to authorize a crisis bed for Plaintiff. (*Id.*) Plaintiff alleges Defendants Ying Sun and Josh Jugum were responsible for prison regulations, and they "failed to correct" the regulations regarding suicide prevention. (*Id.* at 3 ¶ 11.)

Plaintiff alleges "defendants" instead moved him to administrative segregation pending an investigation and "without any legitimate disciplinary reasons." (*Id.* at 5-6 ¶¶ 22, 26; ECF No. 7 at 1.)[1] In administrative segregation, Defendants Avalos "tortured" him, and he did not have lights or power for his "CPAP" machine, which led to significant weight loss. (ECF No. 7 at 1.)

Plaintiff claims Defendants violated his Eighth Amendment rights by using excessive force, his Fourteenth Amendment right to due process by sending him to administrative segregation, and his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. (ECF 1 at 7-9; No. 7 at 1.) He also claims Defendants intentionally inflicted emotional distress under state law. (ECF No. 1 at 9-10.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] The original complaint was missing page seven, but Plaintiff later submitted the missing page. (ECF No. 7 at 1.)

2

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### LEGAL CLAIMS

A.  Excessive Force

Plaintiff claims Defendants violated his Eighth Amendment rights by using excessive force. (ECF No. 1 at 7; ECF No. 7 at 1.) "[T]he unnecessary and wanton infliction of pain" upon a prisoner by prison officials "constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation and citation omitted).

Plaintiff alleges the "Doe" defendants punched, choked, and sexually assaulted him while he was in waist chains. Such allegations support a reasonable inference that these officials subjected Plaintiff to the "unnecessary and wanton infliction of pain." *Id.* However, the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). A plaintiff must be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *Id.* As explained below,

1  Plaintiff is given leave to conduct discovery and to file an amended complaint in which he names
2  the defendants who allegedly used excessive force against him.
3       Plaintiff also alleges Defendant Sergeant Avalos "tortured" him while he was in
4  administrative segregation.  Plaintiff does not allege any specific actions by Avalos, nor whether
5  this "torture" was physical or psychological.  The bare allegation of "torture" without any
6  description of what Avalos did is too vague to support a reasonable inference of a plausible Eighth
7  Amendment violation by Avalos.  Therefore, this claim must be dismissed as incapable of judicial
8  determination, albeit with leave to amend to correct this deficiency.

B.    Administrative Segregation

Plaintiff claims Defendants violated his rights under the Fourteenth Amendment by placing him in administrative segregation "without probable cause" and based upon "false reports" and "fabricate[d] evidence" of his misconduct.  (ECF No. 1 at 7 ¶ 32.)[2]  There are several problems with this claim.

First, the hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself.  *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986).  To the extent Plaintiff has a state-created liberty interest protected by due process in avoiding administrative segregation, prison officials had to comply with the following procedural protections: (1) an informal nonadversary hearing within a reasonable time after the prisoner is segregated, (2) the prisoner must be informed of the charges against him or the reasons segregation is being considered, (3) the prisoner must be allowed to present his views; (4) some sort of periodic review of the prisoner's confinement; and (5) "some evidence" supporting the decision to place him in administrative reasons.  *Id.* at 1100, 1104.  Plaintiff has not alleged what procedural protections he received or what protections Defendants failed to provide, if any.  Additionally, Plaintiff's allegations that the evidence relied upon to segregate him was "false" and

---

[2] Plaintiff also cites the Fourth Amendment, but the Court is aware of no authority that the Fourth Amendment's prohibition on unreasonable searches and seizures applies when prison officials move inmates into segregated housing.

4

1  "fabricated" (ECF No. 1 at 7 ¶ 32) are conclusory insofar as he does not describe the evidence
2  relied upon, allege what was false about it, or even indicate what charges he faced.  Absent
3  allegations of facts supporting a reasonable inference he did not receive one or more of the
4  procedural protections required by the federal guarantee of due process, Plaintiff has not stated a
5  plausible due process claim for relief.

6  Another problem with this claim is that Plaintiff alleges "defendants" placed him in
7  administrative segregation, but he does not identify which defendants did so or allege what each
8  defendant did or failed to do that led to such placement.  At the pleading stage, "[a] plaintiff must
9  allege facts, not simply conclusions, that show that an individual was personally involved in the
10 deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

11  Plaintiff will be given leave to amend to cure these deficiencies in his claim that
12 Defendants violated his right to due process by placing him in administrative segregation, except
13 as to Defendant CDCR (discussed below) against whom Plaintiff's claims are dismissed without
14 leave to amend.

15 C.   Medical Care

16 Plaintiff claims Defendants violated his Eighth Amendment rights by failing to provide
17 adequate medical care.  (ECF No. 1 at 8-9.)  Deliberate indifference to a prisoner's serious
18 medical needs violates the Eighth Amendment's proscription against cruel and unusual
19 punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A determination of "deliberate
20 indifference" involves an examination of two elements: the seriousness of the prisoner's medical
21 need and the nature of the defendant's response to that need.  *McGuckin v. Smith*, 974 F.2d 1050,
22 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*,
23 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

24 Plaintiff alleges Defendant Dr. Mendez did not assign him to a "crisis bed" despite his
25 suicidal ideation and prior suicide attempts, despite prison regulations requiring such a bed under
26 these circumstances, and consistent with Dr. Mendez's history of disregarding of such regulations.
27 (ECF No. 1 at 5-6 ¶ 22.)  When liberally construed, these allegations state a plausible claim that
28 Defendant Dr. Mendez was deliberately indifferent to Plaintiff's serious medical needs in violation

5

of the Eighth Amendment.

Plaintiff alleges Defendants Ying Sun and Josh Jugum were responsible for prison regulations, which regulations allegedly required his placement in a crisis bed. Plaintiff does not allege such regulations caused him not to be moved to a crisis bed. To the contrary, Plaintiff alleges Dr. Mendez *violated* these regulations by not placing him in a crisis bed. The only reasonable inference from these allegations is the regulations promulgated by Sun and Jugum would have placed him in a crisis bed, but it was Dr. Mendez's alleged disregard of these regulations that prevented him from receiving such care. Therefore, Plaintiff's allegations do not support a reasonable inference Sun and Jugum caused Plaintiff to receive inadequate medical care.

Plaintiff does not allege how any other Defendant was involved in providing or making decisions regarding his medical care.

Plaintiff's allegations, even when liberally construed, do not state a plausible claim that any Defendant other than Dr. Mendez was deliberately indifferent to his serious medical needs. Plaintiff's Eighth Amendment claim for inadequate medical care is therefore dismissed for failure to state a claim that is capable of judicial determination as to all Defendants except Dr. Mendez. Except as to Defendant CDCR (discussed below), such dismissal is with leave to file an amended complaint that cures the deficiencies in this claim.

### D.    Intentional Infliction of Emotional Distress

Plaintiff claims Defendants "intentionally inflicted emotional distress" upon him. (ECF No. 1 at 9-10.) Under California law, intentional infliction of emotional distress requires "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009) (quotations omitted). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51 (quotations omitted). When liberally construed, Plaintiff's allegations support a reasonable inference Dr. Mendez's deliberate indifference to his suicidal ideation and the unnamed Doe defendants' use of excessive force was "outrageous" or "extreme." *See id.* Plaintiff has stated a plausible claim of intentional infliction of emotional distress that is capable of judicial determination against Dr.

1    Mendez. However, as with his excessive force claim against the "Doe" defendants, Plaintiff must
2    name them in an amended complaint to proceed with this claim against them.
3        Plaintiff has not stated a claim that is capable of judicial determination against any other
4    Defendant for intentional infliction of emption distress. As explained above and below, Plaintiff
5    has not stated a plausible claim that other Defendant violated his rights, nor has he alleged facts
6    supporting a reasonable inference they engaged in "outrageous" or "extreme" conduct so as to
7    state a plausible claim for intentional infliction of emotional distress.
8        Consequently, except as to Dr. Mendez, the claim of intentional infliction of emotional
9    distress is dismissed as to all other Defendants because it is not capable of judicial determination.
10   Plaintiff is granted leave to amend this claim to cure the deficiencies in it, except as provided
11   below with respect to Defendant CDCR.

12   E.   **Eleventh Amendment Immunity**

13       Plaintiff names the CDCR as a Defendant. (ECF No. 1 at 2 ¶ 7.) Under the Eleventh
14   Amendment, the CDCR is immune from a lawsuit for damages in federal court. *See Brown v. Cal.*
15   *Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009). As Plaintiff seeks damages against the CDCR,
16   his claims against it are not capable of judicial determination and are dismissed without leave to
17   amend.

18   F.   **Additional Named Individual Defendants**

19       Plaintiff does not allege any conduct by the following named individual Defendants:
20   Secretary Macomber, Acting Wardens Arce and Schuyler, or Associate Deputy Wardens Ortega
21   and Fonseca, or Dr. Russell. As explained above, to state a plausible claim for relief against these
22   Defendants, Plaintiff must allege actions or omissions by each of them that caused the violation of
23   his constitutional rights. *See Barren*, 152 F.3d at 1194. Moreover, that many of these Defendants
24   were in a supervisory role is not on its own, sufficient to make them legally liable for their
25   subordinates' alleged violation of Plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th
26   Cir. 1989) (holding that under no circumstances is there respondeat superior liability under
27   Section 1983). Accordingly, the complaint does not state a claim that is capable of judicial
28   determination against Macomber, Arce, Schuler, Ortega, Fonseca, or Russell. Plaintiff will be

7

granted leave to amend to allege facts that support a plausible claim for relief against these Defendants.

## CONCLUSION

For the reasons discussed above,

1.     When liberally construed, the complaint states a claim capable of judicial determination against Defendant Dr. Mendez for deliberate indifference to his serious medical needs in violation of the Eighth Amendment and for intentional infliction of emotional distress under state law.  The claims against Defendant CDCR are DISMISSED without leave to amend. All other claims against all other Defendants are DIMSISSED with leave to amend.

2.     Plaintiff may file an amended complaint on or before **June 18, 2025.**  The amended complaint must include the caption and civil case number used in this order (No. C 24-7510 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including the claim from his original complaint that the Court has ruled are capable of judicial determination, above.  <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the claims that are dismissed will not be part of this case, and service will be ordered upon Defendants based only upon the claims against Dr. Mendez that the Court has ruled are capable of judicial determination.</u>

3.     Plaintiff may engage in discovery for the purpose of learning the name(s) of the "Doe" Defendants.  *See* Fed. R. Civ. P. 26(d)(1).

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

8

4.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 17, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge