UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PATRICK LUCERO,<br><br>    Plaintiff,<br><br>    v.<br><br>CARLOS ARCE, et al.,<br><br>    Defendants. | Case No. 24-cv-07510-JSC<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 19 |

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights case under 42 U.S.C. § 1983. After reviewing the 11-page complaint under 28 U.S.C. § 1915A, the Court concluded, when liberally construed, it stated claims capable of judicial determination and review against Defendant Dr. Mendez. (ECF No. 12.) All of the other claims were dismissed because they were not capable of judicial determination. (*Id.*) Plaintiff received leave to amend those claims, with the exception of the claims against the California Department of Corrections and Rehabilitation, which were dismissed without leave to amend. (*Id.*) The deadline to amend was recently extended to September 15, 2025. (ECF No. 18.)

The Court received a letter from Plaintiff requesting the appointment of counsel and an additional extension of time. (ECF No. 19.) There is no right to counsel in a civil case such as this. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff asserts he is "mentally ill" and he "ha[ve]n't a clue what [he's] doing in regards to this lawsuit." (ECF No. 19.) These allegations are conclusory insofar as Plaintiff has not alleged what mental illness he has or how it prevents him from pursuing this lawsuit, nor does he identify what aspects of this lawsuit he does not understand. His assertion

that he does not know how to handle this case in general is belied by the fact that he filed an 11-page complaint naming ten defendants and containing a multitude of constitutional claims, including claims capable of judicial determination. Amendment of other claims requires alleging in good faith additional facts within his knowledge and using discovery to learn the names of additional defendants, neither of which has he shown himself incapable. At least at this stage, the issues in this case are not sufficiently complex, nor is Plaintiff unable to effectively present his claims, such that the interests of justice necessitate referral for location of volunteer counsel to assist Plaintiff.

Plaintiff's motion for appointment of counsel is DENIED. Should referral for location of volunteer counsel become necessary at a later time, the Court will issue a referral order on its own; Plaintiff need and shall not request appointment of counsel in this Court again.

Plaintiff may have an additional extension of time, to and including October 3, 2025, to amend his complaint in accordance with the order of partial dismissal with leave to amend. (ECF No. 12.)

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: August 18, 2025

JACQUELINE SCOTT CORLEY
United States District Judge